UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA             CASE NO. 19-cr-00071-01

VERSUS                               CHIEF JUDGE HICKS

QUINTON L. WASHINGTON (01)           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Quinton L. Washington, ("Defendant") is charged by indictment with one count of Possession of a Firearm by a Convicted Felon. The indictment was filed after Caddo Parish Sheriff's deputies searched defendant's home and found a firearm and ammunition. Defendant has filed a **Motion to Suppress (Doc. 19)** and a **Supplemental Motion to Suppress (Doc. 32)**, which seek to suppress all evidence obtained from the search. He argues that the search was illegal because the officers acted without a search warrant or other legal justification in violation of the Fourth and Fourteenth Amendments. For the reasons that follow, it is recommended that the motions be denied.

### Relevant Facts

The testimony at an evidentiary hearing established the following facts. On August 13, 2018, Defendant was wanted on arrest warrants for theft and failure to register a vehicle. Detective Jeremy Prudhomme of the Caddo Parish Sheriff's Office conducted an investigation into Defendant's whereabouts. The investigation led him to Dorothy Abram and her daughter, Vashti Abram. Dorothy Abram told Detective Prudhomme that

Defendant was living in the Abrams' house on Simpson Road.  She said that another female, possibly Defendant's girlfriend, had also stayed at the house at one time, but she did not know whether the female was living at the house.  Vashti Abram told Detective Prudhomme that Defendant showed her a snub-nosed revolver and explained that he kept it for protection.  Vashti warned the detective to "be careful."

Vashti told Detective Prudhomme that her brother had lived in the Simpson Road house, but she did not believe he still lived at the house and did not know his current whereabouts.  Vashti showed Detective Prudhomme a pawn ticket that contained Defendant's information and showed that Defendant had pawned a television that belonged to William Abram.  Detective Prudhomme researched William Abram's criminal history and found that he was a felon with several violent charges in his history.

Detective Prudhomme and deputies of the Caddo Parish Sheriff's Office coordinated to execute the arrest warrants.  They went to the Simpson Road house, which was isolated in a remote, rural area.  Officers surrounded the house, and one of the deputies knocked on the door.  The officers heard a loud "thump" inside.  Someone then opened a side door, which was covered by a screen door, and then immediately slammed the door shut.  Detective Prudhomme testified that the officers were not able to identify the person who opened the side door but described him as a black male.

After a couple of minutes, Defendant came out of the front door to the house, and officers took him into custody pursuant to the arrest warrants.  Detective Prudhomme conducted a pat-down of Defendant but did not find the snub-nosed revolver that Vashti Abram said Defendant carried.

Two deputies entered the house and conducted a sweep for other occupants who might have had the gun. Detective Prudhomme testified that the officers were only looking for other people in the house. They looked in rooms and behind large furniture, but they did not open cabinets or look under rugs. During the sweep, the officers found the snub-nose revolver sitting on a table in the front bedroom. They also found ammunition on a bed in another bedroom.

**Applicable Law**

The protective sweep doctrine allows government agents, without a search warrant, to conduct a quick and limited search of premises for the safety of the agents and others present at the scene. United States v. Brown, 230 F.Supp.3d 513, 525-527 (M.D. La. 2017), citing United States v. Mendez, 431 F.3d 420, 428 (5th Cir. 2005). A protective sweep of a house is legal if (1) the government agents have a legitimate law enforcement purpose for being in the house, (2) the sweep is supported by a reasonable, articulable suspicion that the area to be swept harbors an individual posing a danger to those on the scene, (3) the sweep is no more than a cursory inspection of those spaces where a person may be found, and (4) the sweep lasts no longer than is necessary to dispel the reasonable suspicion of danger and lasts no longer than the police are justified in remaining on the premises. Id; United States v. Haywood, 2017 WL 6045968, at *3 (W.D. La. 2017), report and recommendation adopted, 2017 WL 6046138 (W.D. La. 2017).

The "plain view" exception to the warrant requirement allows police to seize items where: (1) the police lawfully entered the area where the item was located, (2) the item was in plain view, (3) the incriminating nature of the item was "immediately apparent," and (4)

the police had a lawful right of access to the item.  Horton v. California, 496 U.S. 128, 136-37 (1990); United States v. Rodriguez, 601 F.3d 402, 407 (5th Cir. 2010).

**Analysis**

Defendant argues that, by searching his home without a warrant, the officers violated his Fourth and Fourteenth Amendment rights.  Defendant asserts that no exigent circumstances existed that justified the warrantless search, and, under Chimel v. California, 89 S.Ct. 2034 (1969), the officers had no authority to conduct a search of the residence. Defendant argues that because the seizure of the items came after the illegal entry and search of the home, the items constitute fruit of the poisonous tree pursuant to Wong Sun v. United States, 83 S.Ct. 407 (1963).

The Government responds that, using the Haywood test, the officers performed a lawful protective sweep under the totality of the circumstances.  The Government argues that the deputies entered Defendant's home for a legal and legitimate reason.  The Government cites Maryland v. Buie, 449 US 325, 327 (1990), in which the Supreme Court held that the Fourth Amendment allows the police to search a house for their protection. The Government also cites United States v. Watson, 273 F.3d 599, 603 (5th Cir. 2001), in which the Fifth Circuit held that a protective "sweep of a suspect's house may be made even if the arrest is made near the door but outside the lodging if the arresting officers have reasonable grounds to believe that there are other persons present inside who might present a security risk."  Accordingly, the Government claims that entry into the home was not unlawful even though the arrest took place on the front porch of the home.

The court finds that the officers were justified in conducting the protective sweep because they had a reasonable belief that other people who had access to a gun may have been in the house.  There are four factors that demonstrate the danger deputies faced.  First, the environment was dangerous. The house was set back from the road in a secluded location with few places to safely exit.  Second, the suspect had a dangerous history, including a record of arrests for violent offenses, including possession of a firearm, second-degree murder, resisting arrest, battery, and flight from an officer.  Third, the deputies knew that Defendant had a revolver in the house.  And fourth, the deputies had a reasonable belief that Defendant was not alone in the house because Vashti Abram had told Detective Prudhomme that a girl lived with Defendant in the house.

Abram told Detective Prudhomme that William Abram, known to have a violent criminal record, also lived in the house at some point.  When deputies first knocked on the door, they heard a person move behind the side door, then open and slam that door. Defendant then walked out of a different door.  Based on all of these factors, the court finds that the deputies had a reasonable belief that they needed to sweep the house for their safety.  The deputies had a reasonable, articulable suspicion that there was an individual in the house with a gun who posed a danger to the deputies. See United States v. Jurado-Garcia, 2018 WL 1411260 *4 (S.D. Tex. 2018)("Incident to arrest, an officer may perform a protective sweep of a defendant's home.  [Citing Watson]. This is true even if the arrest is made on a porch.").

Under the test set forth in Horton v. California, supra, the plain view exception applies to the seizure of the gun and ammunition.  The deputies lawfully entered the home

to conduct a protective sweep.  The sweep took no more than two minutes, and the deputies and Detective Prudhomme saw the gun in an open, obvious place, on a table.  The ammunition was on a bed.  The incriminating nature of the items was immediately apparent because the deputies knew that Defendant was a convicted felon.

**Conclusion**

The deputies arrested Defendant on his front porch near the front door to the residence.  Immediately after the arrest, the deputies performed a valid protective sweep and found the firearm and ammunition in plain view.  Defendant's constitutional rights were not violated when the firearm and ammunition were located and seized.

Accordingly,

It is recommended that Defendant's **Motion to Suppress (Doc. 19)** and **Supplemental Motion to Suppress (Doc. 32)** be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b).  A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge